From Halifax.
To this bill the defendants demurred and assigned for causes of demurrer that if complainant were entitled to damages, she ought to have demanded and recovered them with her dower at law; and that complainant had not shown that she was entitled to any damages for the detention of her dower, either in law or equity. The executor assigned another cause, to wit, that complainant's dower was recovered from the other defendants, who were the tenants in possession, and that damages in dower could by law be recovered from him. The complainant having joined in demurrer, the case was sent to this Court.
In support of the demurrer it was urged that without some equitable circumstance, such as defendant detaining title of deeds, loss of such deeds, or where a discovery from the defendant is necessary, a court of equity will not entertain a bill for mesne profits. 2 Vern., 519; 3 Atk., 340; 1 Atk., 524. That in this case no equitable circumstances existed or were set forth in the bill. It was further urged that this being a case which originated previous to the act of 1784, which regulated proceedings in cases of dower, it ought to be decided by (130) the law as it stood previous to the act of 1784. By this law, if the defendant in a writ of dower die pending the suit, damages are lost and judgment will be given for dower only. 2 Ba. Ab., 392, 294. And although cases are numerous where plaintiff or defendant at law, in a suit for damages, has died, it has always been conceded that damages were lost at law, and equity has never given relief. The case from 2 Brown Ch., 620, etc., is a case which was first instituted in a court of equity, and not in a court of law.
No damages or mesne profits were recoverable at common law in real actions, of which dower is one, on the principle that they were necessary to enable the tenant in possession to answer the demands of the lord. The statute of Morton, 20 Hen. III., first gave damages in dower to widows, and that only where the husband died seized of the land. Co. Lit., 33, 32 b. (2); 2 *Page 96 
Ray., 1384; 2 Ba. Ab., 392; 3 Dyer, 284 and b. 33. No case can be produced where widows whose husbands did not die seized of the land of which they prayed dower recovered mesne profits, except two or three, which were afterwards reversed for error on that very account. No damages are prayed against a purchaser in the husband's lifetime. 3 Bro. Ch., 264; and in Beenbury, 57, is a case where the bill in almost every particular like the present was on demurrer dismissed.
Let the demurrer be sustained and the bill dismissed with costs.
(131)